*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NO. 2015-173

JANUARY TERM, 2016

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Grand Isle Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Skyler Masse | } | DOCKET NO. 8-2-12 Gicr |

Trial Judge: Howard E. VanBenthuysen

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a superior court judgment that he violated a condition of probation by failing to appear for a scheduled meeting with his probation officer. Defendant contends the judgment must be reversed because: (1) the court did not find that the violation was willful; and (2) the evidence failed to support the finding that defendant had no excuse for missing the meeting. We affirm.

The facts are undisputed, and may be summarized as follows. In May 2012, defendant pled guilty to one count of false pretenses, in violation of 13 V.S.A. § 2002, and received a two-year deferred sentence and probation. One of the probation conditions, Condition 4, required that defendant report to his probation officer in such manner and at such time and place as the probation officer may require. On April 30, 2014, the probation officer filed a violation of probation (VOP) complaint alleging that defendant had violated this condition by failing to appear for a scheduled meeting on April 10, 2014.

After a number of delays, the matter proceeded to a hearing in April 2015. Defendant's probation officer testified that he met with defendant in April 2012 and went over the probation conditions with him, including Condition 4. He further stated that he met with defendant on January 10, 2014, and at that time scheduled another meeting for April 10, 2014. The probation officer recalled that defendant did not appear for the scheduled meeting in April. The probation officer testified that, after the missed meeting, he called defendant's phone and left messages, and called defendant's mother and left messages, but did not hear back from them. Two weeks later, on April 30, 2014, the officer filed the VOP complaint.

Defendant testified in his own behalf. He stated that, in April 2014, he did not have a valid driver's license, and estimated that he lived about ten miles from the probation office. Defendant acknowledged that he was aware of the scheduled April 10, 2014 meeting, but did not appear because of "a ride issue" with his mother, who usually drove him to appointments. He stated that he had learned that he would not have a ride about two days earlier, on April 8, 2014. On cross-examination, defendant indicated that he was employed at a restaurant in April 2014,

and explained that he traveled to and from work by catching a ride with one of the waitresses or hitchhiking. He acknowledged that he did not attempt to get a ride to the April appointment from one of the waitresses, did not attempt to hitchhike, and did not call a taxi because he did not have enough money. He also acknowledged signing the probation warrant listing the probation conditions.

At the conclusion of the testimony, the court entered findings on the record. The court found, in pertinent part, that prior to the scheduled April 10, 2014 appointment defendant had been "getting to work all right, but he missed the appointment on April 10 of 2014, and he has no excuse for that miss, and that is a violation of his probation." The court further noted that defendant had previously "been making appointments," and that after missing the appointment in April he "didn't bother to call his probation officer" or make any contact with him until several months later. The court proceeded to sentencing, took further testimony from the probation officer and a statement in allocution from defendant, and imposed a sentence of eight to ten days on a work crew. This appeal followed.

The State bears the burden of proving a probation violation by a preponderance of the evidence. State v. Coyle, 2005 VT 58, ¶ 8, 178 Vt. 580 (mem.). This is a mixed question of law and fact, requiring a factual determination by the court of what actions occurred, and a legal conclusion that they constituted a violation of the probationary terms. Id. The State makes out a prima facie case by showing that there has been a violation of a condition whose requirements were known to the probationer. Id. "If the State meets its initial burden, the probationer must show that his violation was not willful, but instead resulted from factors beyond his control and through no fault of his own." Id.

Defendant here maintains that the findings were inadequate to support the decision because, although the court found that defendant had no excuse for the missed appointment, it failed specifically to make a finding under the standards set forth above that the violation was willful, and did not "result[] from factors beyond [defendant's] control and through no fault of his own." Id.

Although the findings here are brief, they were plainly intended to address—and reject—defendant's argument that the violation was beyond defendant's control because he lacked a ride to the appointment. This is evident from the court's observations that defendant had been attending prior appointments and had been "getting to work all right," the reasonable inference being that, with at least two days' notice that his usual ride was unavailable, defendant could have arranged alternative transportation or called his probation officer to inform him otherwise. See In re Nash, 158 Vt. 458, 462 (1992) (noting that "trial court is entitled to draw reasonable inferences from the testimony it receives"). Accordingly, the findings were sufficient to explain "what was decided and why." In re UPC Vt.Wind, LLC, 2009 VT 19, ¶ 30, 185 Vt. 296.

Defendant also contends the evidence was insufficient to support the court's finding that there was no excuse for missing the meeting. The trial court has broad discretion to determine the weight and persuasive effect of the evidence and the credibility of the witnesses, and we will not disturb its findings unless clearly erroneous. State v. Ives, 162 Vt. 131, 135 (1994). Here, as noted, it is clear from the court's findings that it was not persuaded by defendant's testimony that it was beyond his ability to attend the meeting. This was a judgment well within the court's

2

discretion to weigh the persuasiveness of the evidence. Accordingly, we discern no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice